IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                         No. 2:23-cr-1603 RB

ROLVIN ADALID RIVERA-RIVERA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Rolvin Adalid Rivera-Rivera's Motion for Reduction of Sentence. (Doc. 24.) The Federal Public Defender reviewed Rivera's motion and declined to file a motion on his behalf. (Doc. 26.) The United States contends Rivera is ineligible for a reduction. (Doc. 27.) Having reviewed the parties' arguments, the record, and the applicable law, the Court finds Rivera is ineligible for a sentence reduction. The Court will therefore **DISMISS** the motion.

**I.     Background**

On October 31, 2023, pursuant to a Rule 11(c)(1)(C) plea agreement, Rivera pleaded guilty to one count of reentry of a removed alien in violation of 18 U.S.C. §§ 1326(a) and (b). (Docs. 13–14.) The United States Probation Office (USPO) provided a presentence report. (Doc. 15.) The USPO computed a base offense level of 8 and assessed a four-level increase because Rivera had a previous conviction for a felony illegal reentry; an eight-level increase because after a previous deportation/removal, he engaged in conduct resulting in a felony offense other than an illegal reentry offense; a two-level decrease for acceptance of responsibility; and a one-level decrease because he assisted authorities, resulting in a total offense level of 15. (*Id.* ¶¶ 10–12, 18–20.) Based on Rivera's prior convictions, the USPO calculated a criminal history score of 9, resulting in a

1

criminal history category of IV and a guideline sentencing range of 30–37 months. (*Id.* ¶¶ 30–31, 49.)

On October 23, 2024, the Court sentenced Rivera to 30 months of imprisonment. (Doc. 23.) His anticipated release date is November 6, 2025. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Mar. 14, 2025).

Since he was sentenced, Congress amended the Sentencing Guidelines (Amendment 821). *Compare* U.S. Sent'g Guidelines Manual § 4A1.1(d) (pre-amendment), *with* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023) *and* §§ 4A1.1(e), 4C1.1(a). Amendment 821 applies retroactively. *See* § 1B1.10(a)(1), (d).

Rivera, acting pro se, now asks the Court to reduce his sentence pursuant to Amendment 821. (Doc. 24.) The Federal Public Defender declined to file a motion on Rivera's behalf, and the United States opposes the motion. (Docs. 26–27.)

**II.      Legal Standards**

A district court may modify a sentence "only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c)(2) provides that authorization for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 17 U.S.C. § 3582(c)(2); *see also* § 1B1.10(a)(1). Section 3582 "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." § 1B1.10(b)(2)(C). In addition, except when the sentence was lower than the Guidelines range because the defendant provided substantial

assistance to authorities, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended" Guidelines range. § 1B1.10(b)(2)(A)–(B).

Amendment 821 may lower the Guidelines sentencing range applicable to certain defendants. Part A of Amendment 821 applies to sentencing for offenses committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." § 4A1.1(e). Before Amendment 821, courts assessed two "status points" to the defendant's criminal history score for such crimes. *See United States v. McDonald*, No. CR 22-1317 JB, 2024 WL 2110525, at *8 (D.N.M. May 10, 2024). Part A of Amendment 821 reduced the number of status points added depending on the defendant's criminal history points. *See* 88 Fed. Reg. 28254-01, 2023 WL 3199918; § 4A1.1(e). In the case of a person who has seven or more criminal history points, the Court may reduce the status points to one, instead of two. § 4A1.1(e). Where a person has six or fewer criminal history points, the Court may reduce the status points to zero. *Id.*

Additionally, Part B provides that courts sentencing offenders who have zero criminal history points ("zero-point offenders") may reduce the offense level by two if the defendants meet specified criteria. § 4C1.1(a); U.S. Sent'g Guidelines Manual app. C Supp. (U.S. Sent'g Comm'n 2023).

In determining whether to reduce a sentence under Amendment 821, the Court must first determine whether the defendant is eligible for a reduction by determining whether the Guidelines range calculated under Amendment 821 is lower than the Guidelines range on which the defendant's sentence was based. *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017); § 1B1.10(b)(1). If not, a defendant is not eligible for a reduction and the Court "lacks jurisdiction over the defendant's motion and the motion must be dismissed." *C.D.*, 848 F.3d at 1289; *see also*

3

*United States v. Munoz*, 682 F. App'x 635, 636 (10th Cir. 2017) (same); *United States v. Warren*, 22 F.4th 917, 926 n.6 (10th Cir. 2022) (noting that, while eligibility for a sentence reduction under § 3582 is a jurisdictional question under Tenth Circuit precedent, that precedent may "need to be revisited").

If the defendant is eligible for a sentence reduction, the Court must then consider whether the defendant has shown "a sentence reduction is consistent with the Commission's policy statements" and entitlement to "relief in light of the applicable sentencing factors found in" § 3553(a). *C.D.*, 848 F.3d at 1289–90; *see also* § 1B1.10(a)(1), § 3582(c)(2). The fact that a court considered the § 3553(a) factors in the initial sentencing does not preclude a court from considering them in the context of a sentence reduction motion. *Osborn*, 679 F.3d at 1196. In addition to the § 3553(a) factors, courts may consider "post-sentencing conduct," § 1B1.10, app. n.1(B)(iii), and "the benefits the defendant gained by entering a Type-C [plea] agreement when it decides whether a reduction is appropriate . . . ." *Hughes v. United States*, 584 U.S. 675, 689 (2018); *see also Osborn*, 679 F.3d at 1195.

**III.   Discussion**

Rivera is not eligible for a sentence reduction. First, he is not eligible for Part A relief because no status points were added to his criminal history score. (*See* Doc. 27 at 3 (citing Doc. 15 ¶¶ 30–31.) Second, given that Rivera was assessed nine criminal history points, he is not eligible for the retroactive zero-point offender adjustment under Part B of Amendment 821. (*See id.* at 4 (citing Doc. 15 ¶ 30).)

The Court finds Rivera is not eligible for a sentence reduction under Part A or Part B of Amendment 821. The Court therefore lacks jurisdiction over his motion.

4

**IT IS THEREFORE ORDERED** that Rivera's Motion for Reduction of Sentence (Doc. 24) is **DISMISSED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE